IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHRISTOPHER NAQUAN FRENCH,     )
                               )
         Petitioner,           )
                               )
    v.                         )        1:19CR444-1
                               )        1:22CV1080
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 100 months, as a result of his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (See Docket Entry 18 at 1-2; see also Docket Entry 1 (Indictment); Docket Entry 24 (Plea Hrg. Tr.); Docket Entry 25 (Sent'g Hrg. Tr.).)[1] Petitioner appealed (see Docket Entry 20), but the United States Court of Appeals for the Fourth Circuit affirmed the Judgment on September 28, 2020, see United States v. French, 823 F. App'x 177 (4th Cir. 2020). Petitioner did not seek certiorari review by the United States Supreme Court. (See Docket Entry 32 at 2.)[2]

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

[2] Pin cites to this document refer to the page numbers that appear in the footer appended at the time of docketing in the CM/ECF system (not to any original pagination).

On December 12, 2022, the Clerk docketed a Motion to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), which Petitioner "declare[d] . . . under penalty of perjury . . . [he] placed in the prison mailing system on 12-7-22." (Id. at 11; see also id. at 1 (identifying Petitioner's "Place of Confinement" as "Williamsburg F.C.I."); Docket Entry 32-1 at 1 (listing address for Petitioner as "F.C.I. Williamsburg, P.O. Box 340, Salters, SC 29590" on envelope conveying Section 2255 Motion (standard capitalization applied and some punctuation added)).) The Section 2255 Motion presents this lone ground for relief: "Ineffective assistance of [c]ounsel." (Docket Entry 32 at 4; see also id. ("Counsel allowed [Petitioner] to be wrongly [e]nhanced two levels for [m]ultiple firearms . . . ." (internal quotation marks, underscoring, and stray hyphen omitted)).)

On February 17, 2023, the United States "move[d] to dismiss the [Section 2255] Motion . . . on the ground that [it] is barred by the one-year limitation period set forth in 28 U.S.C. § 2255(f)." (Docket Entry 34 ("Dismissal Motion") at 1; see also id. at 5 (certifying service by mail on Petitioner at Williamsburg F.C.I.).) The Clerk (via letter dated February 17, 2023) notified Petitioner of his "right to file a 20-page response in opposition to the [Dismissal M]otion" (Docket Entry 35 at 1) and warned that:

> Ordinarily, uncontested motions are granted. Therefore, your failure to respond . . . within the allowed time may cause the [C]ourt to conclude that the [Dismissal Motion's] contentions are undisputed. As a result, the

2

> [C]ourt may dismiss your suit or render judgment against
> you. Therefore, unless you file a response in opposition
> to the [Dismissal M]otion, it is likely your case will be
> dismissed . . . . Any response or counter-affidavits or
> other responsive material to [the ] Dismiss[al Motion]
> must be filed within 21 days from the date of service of
> the [Dismissal M]otion upon you.

(Id. (bold font omitted); see also id. (bearing address for Petitioner at Williamsburg F.C.I.).) When the Postal Service returned that mailing as undeliverable with a stamped notation that Petitioner had departed Williamsburg F.C.I. (see Docket Entry 36 at 1), the Clerk located Petitioner at Terre Haute F.C.I. and re-mailed the above-quoted information to him there (on July 27, 2023) (see Docket Entry 37 at 1).[3] Despite the Clerk's notice to Petitioner about the consequences of a non-response, he did not respond to the Dismissal Motion. (See Docket Entries dated Feb. 17, 2023, to present.)

As indicated in the Dismissal Motion, "[a] 1-year period of limitation shall apply to a motion under [ S]ection [2255]." 28 U.S.C. § 2255(f). Furthermore:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

---

[3] According to the records of the Bureau of Prisons, Petitioner remains incarcerated at Terre Haute F.C.I. See https://www.bop.gov/inmateloc/ (search for "Christopher Naquan French") (last performed on Mar. 18, 2024).

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for seeking relief under Section 2255 commenced on or about December 27, 2020, i.e., his deadline for seeking certiorari review in the Supreme Court, which fell 90 days after the Fourth Circuit affirmed his Judgment on September 28, 2020 (as documented above). See Clay v. United States, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. R. 13(1) & (3). The one-year limitation period then expired on or about December 27, 2021, nearly a year before Petitioner submitted his Section 2255 Motion to prison officials for mailing on December 7, 2022 (again, as documented above).

"Because Petitioner filed [the Section 2255] Motion after the statute of limitations [under Paragraph (1) of Subsection 2255(f)] had run, the Court [should] find[] that his [Section 2255 M]otion is untimely unless Petitioner [has] satisf[ied] his burden of demonstrating that either another provision of § 2255(f) or equitable tolling should be applied to his case." Gaddy v. United States, Nos. 3:08CR50, 3:11CV49, 2011 WL 7021140, at *4 (N.D.W. Va.

4

Dec. 15, 2011) (unpublished), recommendation adopted, 2012 WL 112638 (N.D.W. Va. Jan. 12, 2012) (unpublished), appeal dismissed, 473 F. App'x 281 (4th Cir. 2012); see also Holland v. Florida, 560 U.S. 631, 649 (2010) (holding, in habeas context, that equitable tolling requires proof of two preconditions: "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted)). Petitioner has not carried that burden and the Court therefore should dismiss the Section 2255 Motion as untimely.

To begin, as previously documented, Petitioner did not contest the Dismissal Motion, despite a warning that such inaction likely would cause the Court to deem the Dismissal Motion uncontested and to dismiss the Section 2255 Motion based on the one-year time-bar in Section 2255(f). Nor do the Section 2255 Motion's contents render it timely; in that regard, in the portion of the form Petitioner used for the Section 2255 Motion entitled "Timeliness of Motion" (Docket Entry 32 at 10 (all-caps font omitted)), which instructs petitioners that, "[i]f [their] judgment of conviction became final over one year ago, [they] must explain why the one-year statute of limitations as contained in [Section] 2255 does not bar [their] motion" (id.; see also id. at 10 n.* (setting out Section 2255(f)'s full text)), Petitioner stated:

> Due to the Covid-19 [l]ockdown here at my institution I was unable to access the law library to read and study

5

> the law, nor was I able [to] interact with guys who were
> acclimated with the law who could've possibly assisted me
> in filing th[e Section] 2255 [Motion] in a timely manner.
>
> (*See attached Memorandum, from the Warden dated February
> 24, 2022, finally modifying operations to start going to
> the law library).  **Three page attachment.**
>
> Pursuant [to] paragraph b(2) of the Antiterrorism and
> Effective Death Penalty Act of 1996, as contained in 28
> U.S.C. [§] 2255, I should be permitted to move forward
> with th[e Section 2255 Motion] due to the impediment of
> the Covid-19 lockdown.

(Id. at 10 (emphasis and stray hyphen omitted); see also id. at 14 (attaching memorandum from Williamsburg F.C.I.'s warden, dated February 24, 2022, stating, inter alia, (A) that, "[e]ffective today, **ALL** Units will be permitted on the flats throughout the day," (B) that "[a]ll meals will be served in the dining hall effective **Monday, February 28, 2022** per **Unit**," (C) that "[t]he Law Library in each Unit will be made available daily," and (D) that "Leisure and Law Library in the Education Department will be available via formal request to staff with limitations not to exceed the social distancing parameters" (emphasis in original)).)

That statement effectively acknowledges the untimeliness of the Section 2255 Motion under Paragraph (1) of Subsection 2255(f),

> [but] contends, though, that [the Section 2255 M]otion
> should be deemed timely filed under § 2255(f)(2), which
> allows filing within one year of "the date on which the
> impediment to making a motion created by governmental
> action in violation of the Constitution or laws of the
> United States is removed, if [Petitioner] was prevented
> from making a motion by such governmental action."

6

United States v. Morales, No. 5:20CR32, 2023 WL 6725987, at *2 (W.D. Va. Oct. 12, 2023) (unpublished), appeal filed, No. 23-7137 (4th Cir. Nov. 14, 2023); see also id. ("[The petitioner] contends that the COVID-19 lockdowns and restrictions constituted an 'impediment' within the meaning of [Paragraph (2) of S]ubsection [2255(f)]."). That contention lacks merit because, "[i]n short, COVID-19 related [prison] lockdowns are not impediments 'in violation of' federal law. . . . Thus, § 2255(f)(2) does not render [the Section 2255 M]otion timely." Id.; see also, e.g., United States v. Thompson, Crim. No. 17-225, 2023 WL 2499190, at *3 (E.D. La. Mar. 14, 2023) (unpublished) (agreeing with other "courts [which] have determined that COVID-19 related restrictions [in prisons] are not unconstitutional or illegal government-created impediments within the context of § 2255(f)(2), because such emergency responses are neither unconstitutional nor illegal," and ruling that, "because [the petitioner] ha[d] failed to demonstrate the Government's action was unconstitutional or illegal, [he] ha[d] failed to carry his burden of demonstrating his motion was timely under § 2255(f)(2)" (internal quotation marks omitted)).

"Additionally, courts have repeatedly rejected habeas petitioners' arguments that [prison] lockdowns associated with the COVID-19 pandemic justify equitable tolling." United States v. Davis, No. 17CR196-2, 2023 WL 2564335, at *3 (E.D. Va. Mar. 16, 2023) (unpublished). At a minimum, "[b]ecause [Petitioner] has not

7

explained what efforts he took to file [the Section] 2255 [M]otion while the limitations period was pending, he cannot show that he is entitled to equitable tolling based on the pandemic." United States v. Trent, No. 4:18CR11, 2023 WL 4932095, at *5 (W.D. Va. Aug. 2, 2023) (unpublished); see also San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

In sum, "[the Section] 2255 [M]otion is untimely, and [the Dismissal M]otion . . . should be granted." Featherson v. United States, Nos. 1:07CR27, 1:11CV111, 2011 WL 3568127, at *2 (M.D.N.C. Aug. 15, 2011) (unpublished) (Dixon, M.J.), recommendation adopted, slip op. (M.D.N.C. Sept. 15, 2011) (Beaty, C.J.).

**IT IS THEREFORE RECOMMENDED** that the Dismissal Motion (Docket Entry 34) be granted and that the Section 2255 Motion (Docket Entry 32) be dismissed as untimely, all without issuance of a certificate of appealability.

/s/L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
March 19, 2024

8

Case 1:19-cr-00444-WO   Document 38   Filed 03/19/24   Page 8 of 8